IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
WESTERN DIVISION

IN RE:

JERRY LUTHER and LISA GRAMMER SMELLEY,	BK 05-73529-CMS-13

DEBTORS.

MEMORANDUM OF DECISION

This matter was before the court on Marie S. Brown's motions to set aside the court's order disallowing her late-filed claim in the Jerry Luther Smelley/Lisa Grammer Smelley Chapter 13 case. The court has reviewed the evidence and the written record in the context of applicable law, and finds Brown's motions must be **DENIED.**

FINDINGS OF FACT

This matter was set for hearing on May 25, 2006 on motions filed by Marie S. Brown (Brown) to set aside the court's prior order disallowing her claim as tardily filed (BK Doc. 64) and her motion to consider her objection to confirmation as an "informal proof of claim" (BK Doc. 65). These motions relate to the court's prior order entered March 31, 2006 (BK Doc. 57) following a hearing on the debtors' objection to the claim as untimely filed. The court found that Brown's Proof of Claim 14 was filed on February 17, 2006, after the February 15, 2006 deadline for filing claims.

Brown's motion to reconsider essentially asserted that her attorney prepared an objection to confirmation of the debtors' plan prior to January 23, 2006 and served a copy of this objection on Chapter 13 Trustee C. David Cottingham, the debtors' attorney, and attorneys representing debtor Lisa Smelley's codefendants in a pending state court lawsuit filed in 2004.

1

Brown, through her attorney, also asserted that her attorney attempted to file this objection to confirmation in the courtroom prior to a court hearing on confirmation of the debtor's plan scheduled on January 24, 2006 before the court convened the session. A member of the clerk's office who was in the courtroom, advised Brown's attorney that he would have to file his objection either electronically or on a diskette submitted to the Bankruptcy Clerk's Office. Brown's attorney asserted that another creditor's attorney had told him he could file his objection at the January 24, 2006 hearing. Brown's counsel conceded that he was not familiar with the Federal Rules of Bankruptcy Procedure or with local rules governing practice before the U.S. Bankruptcy Courts for the Northern District of Alabama. However, he also admitted that the member of the Bankruptcy Clerk's staff advised him of the rules three weeks prior to the February 15, 2006 claims deadline.

When Brown's attorney left the courtroom on January 24, 2006, he knew that Brown's objection to confirmation had not been filed. He was not under any mistaken belief that the pleading had actually been filed, or otherwise placed in the possession of the Clerk's Office.

Brown's attorney then filed electronically a proof of claim on behalf of Brown which was filed after the claims bar date.

The motions asked the court to first treat the January 24, 2006 objection to confirmation as constructively filed and then allow it to serve as an informal proof of claim filed before the bar date, which could then be amended by the proof of claim filed after the bar date.

Brown's attorney filed an affidavit in support of the motions (BK Doc. 77) essentially attesting to the facts asserted. There appears to be no dispute as to these facts. The same facts also existed, and were known to Brown's counsel, by the March 28, 2006 hearing on the debtors' objection to Brown's Claim No. 14. They were not presented to the court at that time.

2

There is no evidence that Brown's counsel went to the Bankruptcy Clerk's Office after leaving the courtroom or made any further attempt to file the proffered objection to confirmation, or a proof of claim in the three weeks between the hearing and the February 15, 2006 bar date. If he had proceeded to the Clerk's Office on the second floor, help would have been available to him there.

The Bankruptcy Court for the Northern District of Alabama provides a form for attorneys to use to request a waiver from the requirements of filing electronically, or by diskette. However, such forms and other written instructions for non-registered attorneys are not normally carried into the third floor courtroom where a motion docket is to be convened. There is no evidence Brown's counsel attempted any further contact to learn if he were eligible for a waiver, or how he might go about filing his objection.

There was no evidence that Brown's attorney did anything that appears in the docket record of the Smelley Chapter 13 until February 17, 2006 (two days after the bar date) when a claim was filed electronically on the creditor's behalf by another attorney appearing for the limited purpose of filing the proof of claim. On March 7, 2006, approximately three weeks after the bar date, an objection to confirmation of the debtor's new amended plan was filed electronically on Brown's behalf, again by another attorney.

Fed. R. Bankr. P. 3002(c) requires that creditors who wish to participate in a debtor's Chapter 13 plan must file claims "not later than 90 days after the first date for the meeting of creditors ..." In the Smelley case, the 90th day fell on February 15, 2006, two days before Brown's claim was filed. After the debtors objected, 11 U.S.C. § 502(b)(9) required the court to disallow the claim as "not

3

timely filed." (BK Doc. 51)

The court's equitable powers to allow a late-filed claim in Chapter 13 are limited to the narrow categories set out in Rule 3002(c)(1) to (5). After the March 28, 2006 hearing, the court disallowed the claim as untimely filed in the meaning of 11 U.S.C. § 502(b)(9), since it was not covered by any of the Rule 3002(c)(1)-(5) exceptions.(BK Doc. 57)

On April 7, 2006, the motions now in issue were filed with the court including a **MOTION TO SET ASIDE ORDER DISALLOWING CLAIM** (BK Doc. 64) and a **MOTION TO CONSIDER OBJECTION TO CONFIRMATION CONSTRUCTIVELY FILED** (BK Doc. 65). Brown, in essence, asked the court to vacate its prior order (BK Doc. 57).

At a May 25, 2006 hearing on BK Docs. 64 and 65, counsel for both sides offered some additional arguments, yet closed their cases with the evidentiary record as it stood at the end of the former March 28, 2006 hearing. Following the hearing, the court gave counsel for both parties time to file briefs before taking the issue under submission for decision on June 23, 2006.

On June 8, 2006, Brown's counsel filed a **BRIEF IN SUPPORT OF MOVANT'S MOTION TO SET ASIDE ORDER AND MOTION TO CONSIDER OBJECTION TO CONFIRMATION CONSTRUCTIVELY FILED** (BK Doc. 83). Brown's post-hearing brief expanded the arguments to broader constitutional grounds than previously pled or argued; and made reference to certain facts not in evidence. While these motions/briefings raise new facts/arguments, they do not alter the fact that Brown had filed nothing prior to the claims bar date. The Smelleys' counsel filed his **RESPONSIVE BRIEF IN OPPOSITION TO CREDITOR'S MOTION TO SET ASIDE ORDER DISALLOWING CLAIM** (BK 88) on June 21, 2006.

On June 23, 2006 as scheduled, the court took these issues under submission for decision.

4

## CONCLUSIONS OF LAW

The court has jurisdiction of the Smelleys' Chapter 13 case pursuant to 28 U.S.C. § 1334(a). The court has jurisdiction of this contested matter, a core bankruptcy proceeding, under 28 U.S.C. § 1334(b). Jurisdiction is referred to the Bankruptcy Court by the General Order of Reference of the United States District Courts for the Northern District of Alabama, signed July 16, 1984, As Amended July 17, 1984.

## I.

Brown's pleadings cited Fed. Rs. Bankr. P. 5005, 9029, and 9006. These rules cannot be helpful to the creditor, based on the particular facts in this case.

Rule 5005(a)(1) allows a court to consider pleadings which have been filed in a written format not in conformity with the local rules, if their substantive meaning is clear, and gives adequate notice. Rule 5005(a)(1) cannot apply here since Brown filed nothing, improperly styled or not, prior to the running of the bar date for claims.

 The rule also provides that a bankruptcy judge "may permit" papers to be filed with the judge himself, the filing date noted, and "forthwith transmitted to the clerk." Brown's counsel did not make such a request after the courtroom was called to order and the record opened. The first reference to the alleged proffer in the record appears in the creditor's April 7, 2006 motions to reconsider.

That rule does direct "The clerk shall not refuse to accept for filing any petition or other paper presented for the purpose of filing solely because it is not presented in proper form as required by these rules or any local rules or practices." While Brown's attorney did approach a member of the

5

clerk's staff in the courtroom immediately before court convened and was advised of the local rule requiring electronic filing, he did not go to the clerk's office and inquire further as to what he should do to have his pleading filed.

Brown's motion also cited Fed. R. Bankr. P. 5005(b) on the filing and transmittal of papers. That rule provides:

> *Filing by Electronic Means*. A court may by local rule permit documents to be filed, signed or verified by electronic means that are consistent with <u>technical standards, if any, that the Judicial Conference of the United States establishes</u>. A document filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules, the Federal Rules of Civil Procedure made applicable by these rules, and § 107 of the Code.

That rule does not help Brown's case either.

Rule 9029 deals with the authority of the bankruptcy courts to promulgate local rules "when there is no controlling law." As the creditor has pointed out, Rule 9029(a)(2) does provide the following:

> A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a <u>nonwillful failure to comply with the requirement.</u> (emphasis added)

However, Rule 9029(b) also provides:

> **(b) Procedure When There is No Controlling Law.** A judge may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district. <u>No sanction or other disadvantage may be imposed for noncompliance with any requirement</u> not in <u>federal law, federal rules, Official Forms, or the local rules of the district,</u> unless the alleged violator has been furnished in the particular case with <u>actual notice of the requirement.</u> (emphasis added)

All of the rules governing this dispute are in complete compliance with federal law, federal rules, and the Local Rules of the Bankruptcy Court for the Northern District of Alabama. This Bankruptcy

Court for the Western Division of the Northern District follows no individualized chambers rules. It operates directly under "the federal law, the federal rules, the Official Forms, or the local rules." Additionally, the undisputed facts show that Brown's counsel had "actual notice" of the requirements three weeks prior to the February 15, 2006 deadline for filing proofs of claim according to counsel's own statements.

On May 7, 2004, the six bankruptcy judges serving the Northern District of Alabama executed an Administrative ORDER ADOPTING CASE MANAGEMENT/ELECTRONIC CASE FILING (CM/ECF) (Administrative Order No. 04-1) effective July 1, 2004. The Local Rule, Administrative Order No. 04-1, was entered and made enforceable in keeping with Fed. R. Bankr. P. 5005.

By the early spring of 2006, 90 of the 92 bankruptcy courts in the United States had implemented the CM/ECF system, and "The vast majority of those courts have made electronic filing mandatory for attorneys," an Oklahoma bankruptcy court stated in In re West, 338 B.R. 906, 908, n. 6 (Bankr. N.D. Okla. 2006).

The eight U.S. District Court judges in this district also signed a similar order, General Order No. 2004-01, adopting the CM/ECF, effective November 1, 2004, for the district courts above. Since the Bankruptcy Courts are units of the District Court, admission to practice before the U.S. District Court for the Northern District of Alabama, is a requirement for representing parties before this court as well.

Since the electronic requirements are so new, there is little case law interpreting the new procedure into the context of existing law and practice. In Florida's Southern District, the bankruptcy courts were requiring attorneys to file matrices in their cases on diskettes under Local Rule of

7

Bankruptcy 107 ( C) by the mid-1990s. One attorney asked the court for permission to continue filing paper matrices because she was newly admitted to practice and had not bought a computer.

The Bankruptcy Court for the Southern District of Florida, sitting en banc, said no, suggesting she take her paper matrices to Kinko's before she attempted to file at the Bankruptcy Clerk's Office. The court stated in In re Noy, 203 B.R. 800 (Bankr. S.D. Fla. 1996):

> If the alternative (to diskette filing) in this case would require this attorney to spend thousands of dollars for installation of a computer system, the court would perhaps seek another alternative. An inquiry into the local public market place reveals that the attorney can take her paper matrix to the local Kinko's business center (a company which is apparently operating nation-wide throughout the United States) and rent the use of a computer at the rate of approximately $.20 per minute or $12 an hour. Other venders of secretarial support services offer similar pricing. Diskettes are available for sale at prices ranging from as little as $.50 to $1 or so each. This is a far cry from purchase of a computer system in the thousands of dollars and should prove little hardship to practitioners who are not yet ready to enter the computer era.

However, it is clear that compliance with the law and the rules is still required, whatever the technical tools required to do so. The results of technical failure on legal limitations periods can be harsh for both counsel and client. See In re West, 338 B.R. 906 (Bankr. N.D. Okla. 2006), (longtime bankruptcy lawyer sanctioned, admission to practice lifted, for repeated failures to comply with CM/ECF administrative order; and client's Chapter 13 case dismissed along the way); Askew v. Patel (In re Patel), 2006 WL 318613 (M.D. Ga. 2006) (district court reversed a bankruptcy court to find that a dischargeability lawsuit was "filed" when it appeared on the clerk's office electronic docketing system, the last day for filing; not two days later when paper copies of the complaint arrived in the mail); and In re Sands, 328 B.R. 614 (Bankr. N.D. New York 2005) (debtor lost her house because, while her bankruptcy counsel logged on to the court's CM/ECF system 15 minutes before foreclosure sale, the Chapter 13 petition was not actually filed with the Bankruptcy Court until it was docketed

8

electronically two hours <u>after</u> the auction).

The Bankruptcy Court for the Northern District of Alabama sponsored an extensive period of notification and training for attorneys who wished to register to file electronically prior to the July 1, 2004 effective date. Provision was also made for accepting disk filings from non-registered attorneys and for waivers. Complete information on the court's order and its procedures is, and has been, available on court's public website, <u>www.alnb.uscourts.gov</u>.; and from divisional Bankruptcy Clerk's Offices throughout the district.

Since the July 1, 2004 effective date of CM/ECF, all attorneys practicing the U.S. Bankruptcy Courts for Northern District and all "represented parties" have been required to file electronically or by diskette. Administrative Order No. 04-1 was also intended to limit "Conventional filing" (the old-fashioned, paper way) to parties appearing <u>pro</u> <u>se</u>. However, the order and the administrative procedure it adopted provide a waiver at Paragraph III(A)(4) for "Filers Without Ability to File by Computer Diskette", including some attorneys, to file "conventionally" by paper presentation at the divisional clerks' offices. A copy of the waiver form is available to attorneys in paper form in the offices; and in Administrative Order No. 04-1, as posted on the court's web site.

There is no evidence that Brown's counsel ever attempted a formal filing, other than late and electronically. Nevertheless, his statements show that the unnamed clerk gave him the right advice in the courtroom, "actual notice" of the rules in the meaning of Rule 9029(b), well before the bar date ran and the claim became unsalvageable by operation of law.

**II.**

The creditor's attorney also contended that the court should set aside its order on the authority of 11 U.S.C. § 9006(b)(1), and/or deem counsel's alleged pre-bar date proffer of the objection to

9

confirmation as an "informal proof of claim" in the meaning of Charter Company v. Dioxin Claimants (In re The Charter Company), 876 F.2d 861, 864 (11th Cir. 1989) and other cases. See contra United States of America v. International Horizons, Inc. (In re International Horizons, Inc.), 751 F.2d 1213, 1217-18 (11th Cir. 1985).

Brown's problem is not that the objection to confirmation was not filed. The plan the debtor had pending for confirmation and which Brown was attempting to object to was not confirmed at the January 24, 2006 hearing. Lack of an objection by Brown was not the problem. The problem is that Brown never filed or attempted to file a proof of claim until after the February 15, 2006 bar date. Brown needs the objection to confirmation considered to have been filed prior to the bar date in order to serve as an informal proof of claim which could then be amended by the late claim.

As set out in the challenged order, most decisions allowing informal proof of claims occurred in Chapter 11 cases. None of the cases suggest that non-record action by individual attorneys outside the knowledge of the court constitutes a "filing", constructive or actual, See International Horizons, Inc., 751 F.2d at 1217.

The deadline for proofs of claim in Chapter 13 is set by Rule 3002(c). Although Rule 9006(b)(1) does allow a bankruptcy court some equitable leeway to extend a lapsed deadline under some rules for "excusable neglect," the "excusable neglect" exception does not apply in Chapter 13 cases to late-filed claims under Rule 3002(c). Rule 9006(b)(3) specifically limits expansion of that time frame to exceptions set within Rule 3002(c) itself. Rule 9006(b)(3) provides:

> *Enlargement Limited.* The court may enlarge the time for taking action under Rules ... 3002(c) ... <u>only to the extent and under the conditions</u> stated in those rules. (emphasis added)

10

Rule 3002(c)[1], as it existed before the October 17, 2005 amendments, is applicable in this case. That rule stated its own narrow exceptions to the bar date it set. They included five categories of late-filed claims which courts could consider for allowance, including: governmental units; infants and incompetent persons; certain judgment debts (no unliquidated claims); claims created by the debtor's rejection of a lease; and Chapter 7 creditors when a trustee unearths undisclosed assets. Brown does not fit into any of these categories. Unlike time frames falling under Rule 9006(b)(1),

---

[1] Rule 3002( c) provides the following:

**Time for Filing.** In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or <u>chapter 13 individual's debt adjustment case</u>, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under S 341(a) of the Code, <u>except as follows:</u>

(1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit <u>before the expiration of such period and for cause shown,</u> the court <u>may</u> extend the time for filing a claim by the governmental unit.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court <u>may</u> extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court <u>may</u> permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor <u>may</u> be filed within such time as the court <u>may</u> direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible (as sometimes happen in Chapter 7 liquidation), the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

11

Rule 9006(b)(3) does not allow a court to extend a Rule 3002(c) bar for cause or parties' neglect, "excusable" or otherwise. See Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 389 (1993); and Midland Cogeneration Venture Limited Partnership v. Enron Corp (In re Enron) 419 F.3d 115 (2d Cir. 2005)

The majority of courts considering the issue in Chapter 13 have declined to extend the bar date under any other equitable theory. See Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.), 920 F.2d 1428, 1432 (9th Cir. 1990); In re Greenig, 152 F.3d 631, 634 (7th Cir. 1998); Vicenty v. Sandoval (In re Sandoval), 327 B.R. 493, 512 (1st Cir. BAP 2005); Aboody v. United States (In re Aboody) 223 B.R. 36, 39-40 (1st Cir. BAP 1998); Americredit Financial Services v. Durham (In re Durham), 329 B.R. 899, 902 (Bankr. M.D. Ga. 2005); In re Jensen, 333 B.R. 906, 909 (Bankr. M.D. Fla. 2005); In re Roubert, 336 B.R. 22 (Bankr. D. Puerto Rico 2005) ; In re Husmann, 276 B.R. 596 (Bankr. N.D. Ill. 2002); In re Brogden, 274 B.R. 287 (Bankr.M.D. Tenn. 2001); In re Thomas, 181 B.R. 674, 677 (Bankr. S.D. Ga. 1995); In re Bloebaum, 311 B.R. 473 (Bankr. W.D. Tex. 2004); In re Griggs, 306 B.R. 660 (Bankr. W.D. Mo. 2004); In re Bourgoin, 306 B.R. 442 (Bankr. D. Conn. 2004); In re Boucek, 280 B.R. 533 (Bankr. D. Kan. 2002); and In re Wright, 300 B.R. 453 (Bankr. N.D. Ill. 2003).

A small minority of cases, nevertheless, have found some marginal "give" in the wording of the statutes and the rules. See In re Zwerling, 1985 WL 71914, * 2 (not reported in F.Supp.) (E.D. N.Y 1985) for a discussion of cases favoring extension in various circumstances. This court does not agree or disagree with these cases. The specific facts in the Brown/Smelley dispute required disallowance of the claim on narrower grounds. Those same facts control in the court's consideration of these motions to vacate.

12

## III.

For even if the rules did allow expansion of the bar date, the movant has made no showing of <u>any</u> equitable reason, "excusable neglect" or otherwise, to vacate or alter the court's original order. Even if the court accepted all of Brown's alleged facts, as true; the order disallowing this claim would still have to stand.

Brown, the creditor, was represented by counsel as her agent from the outset of the case. The claim was disallowed because the affected creditor, through counsel, made conscious choices resulting in a late filing. The choices were made both before <u>and</u> after the January 24, 2006 hearing.

The creditor acknowledged that it received proper notice of the October 13, 2005 petition filing and of the February 15, 2006 bar date at the outset of this case. That notice also made counsel aware of the body of law and rules that would govern protection of Brown's interest in Bankruptcy Court. The creditor's own statement and argument established that counsel had actual knowledge of the specific local rule requiring electronic filing by January 24, 2006 – well before the bar date.

There was sufficient time between January 24, 2006 and February 15, 2006 for the creditor's counsel to acquire any additional knowledge, and/or any affiliation, needed to represent Brown. There was no overnight, emergency deadline here following short, surprise notice. Counsel had three weeks to take advantage of the certain help available to those seeking to file "conventionally" at the clerk's office. He did not avail himself of that help. Brown's attorney walked out of the courtroom on January 24, 2006 knowing that he had not filed a claim on behalf of Brown and knowing that his objection to confirmation had not been filed.

The court disallowed the late-filed claim because enlargement is not permitted by 11 U.S.C. § 502(b)(9), and Rules 3002 and 9006; and because there was <u>no</u> cognizable filing prior to the bar

13

date to which late filings could relate back as a "constructive" proof of claim. As stated in <u>Pettle v. Bickham</u> (<u>In re Pettle</u>), 410 F.3d 189, 192 (5th Cir. 2005):

> While <u>Pioneer</u> guides an analysis of "excusable neglect" within the context of Bankruptcy Rule 9006(b)(1), nothing in the Supreme Court's opinion changes the well-established rule that " 'inadvertent mistake"[,]... [g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. ... In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." ...
>
> It is the responsibility of counsel to know and abide by the properly enacted rules and statutes governing every court where counsel practices.

## CONCLUSION

The court's order disallowing Brown's late filed Proof of Claim No. 14 must stand, and creditor's motions to vacate/set aside (BK Docs. 64 and 65) must be **DENIED**, there being no factual, legal or equitable basis on which to do otherwise. BK Doc. 57, the order disallowing Claim No. 14, will stand as entered on March 31, 2006.

A separate order, consistent with these findings pursuant to Fed. R. Bankr. P. 7052, will be entered separately.

**DONE and ORDERED** this August 3, 2006.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge

14